[Civ. No. 17286. Third Dist. Mar. 15, 1978.]

WALTER E. SCHLUMPF, Petitioner, v.
THE SUPERIOR COURT OF TRINITY COUNTY,
Respondent;
BOBBIE F. SCHLUMPF, Real Party in Interest.

## COUNSEL

Stephen Adams and Bernard N. Wolf for Petitioner.

No appearance for Respondent.

Jane Skanderup for Real Party in Interest.

## OPINION

**REYNOSO, J.**—We are asked to consider the applicability of the Uniform Child Custody Jurisdiction Act (the Act). (Civ. Code, § 5150 et seq.)

The father, petitioner Walter E. Schlumpf, urges alternative views: (1) that California lacks jurisdiction under the Act to modify the existing child custody order and (2) that if California has jurisdiction the facts of this case compel the conclusion that Wyoming is a more appropriate jurisdiction to make the determination. Thus, he argues, the California court should stay the proceedings until the Wyoming court has an opportunity to act on the matter. On the other hand, the mother (real party in interest, Bobbie E. Schlumpf) contends that California not only has jurisdiction but is also the appropriate forum. In addition, she claims that the father waived his objection by making a general appearance.

We hold that California has jurisdiction under the Act to make the determination sought in the mother's motion for modification. Nonetheless, the California court should stay the proceedings to permit such a proceeding to be brought in Wyoming. ■ Our decision is based

upon Civil Code section 5156. We thus reject the mother's contention that the father may not make the motion after making an appearance.[1] Its applicability, we hold, is not waived.

On February 17, 1967, respondent Superior Court of Trinity County granted the father an interlocutory judgment of divorce against the mother. The terms of the interlocutory judgment and a property settlement and separation agreement entered into by the parties provided that the mother would have custody of the parties' three children, Jeffrey E. Schlumpf, born March 25, 1962, Zachrey D. Schlumpf, born December 27, 1963, and Tonya K. Schlumpf, born October 11, 1965, such custody to be subject to the father's reasonable rights of visitation. On October 2, 1967, a final judgment of divorce was entered incorporating the terms of the interlocutory judgment.

The next year, in September 1968, respondent court issued an order modifying the interlocutory and final decrees of divorce, holding that there had been no prior contested hearing regarding the custody of the children, and that the best interest of the children requires that custody be given to the father subject to the mother's right of visitation. The father, upon receiving a job promotion, moved to Wyoming with his new wife and the children.

Nearly nine years later, on June 16, 1977, the mother filed a notice of motion seeking modification of the custody order and change of venue. She sought custody of the children. Further, she asked the Trinity County Superior Court to transfer the cause for hearing to Siskiyou County where she now resides. The mother filed a declaration stating that she has been prevented from exercising her full rights of visitation by actions of the father, and that she can now provide a home for the children more suitable than the father. Since she lives in Siskiyou County, she declares that the motion for a change of venue is appropriate. By 'a supplemental declaration she states that the evidence she wishes to have considered is available in that county.

The father filed points and authorities in opposition to the motion to change venue. He urged the court to hear the matter because the trial

[1]The mother contends that the father waived his objection to the inconvenience of a California hearing by failing to object at the earliest possible time. Civil Code section 5156 provides that the court may decline to exercise its jurisdiction at any time before making a decree and may do so on its own motion or on the motion of a party. The provisions of that section are thus not waived by the failure to raise them at the earliest possible time.

judge had heard the earlier motions and was more familiar with the case. Further, he was better able to attend court sessions in Trinity than in Siskiyou. During the venue hearing, held August 22, 1977, the father moved for a "change of venue" to Albany County, Wyoming. On appeal the mother maintains that the motion was made as an alternative to the father's request that the court hear the matter.

The court found that the father had lived in Wyoming for the past five years and that the children had lived with the father since 1968. One partial exception was daughter Tonya, who had resided with the mother from July 1975 to May 1976. The court noted that Wyoming is the children's home state under the Act and would therefore seem to have a closer connection with the children and one of the contestants. The court observed that the emotional well-being and education of the children as they relate to the father and his present wife can be determined in either state. The physical suitability of the father's home is not questioned by the mother. Further, the court noted that the physical suitability of the mother's home and her present emotional stability are matters of concern to any court that would consider the custody issue. The court ruled that the purposes of the Act would be served by the retention of jurisdiction in California. He thus transferred the matter to Siskiyou County. On October 14, 1977, the court issued its order granting the motion for change of venue to Siskiyou County. This petition followed.

### I

■ We are urged to reverse on the basis that under the Uniform Child Custody Jurisdiction Act, California is without jurisdiction to consider a modification of the child custody order then in effect.

In 1973, California adopted the Act, effective January 1, 1974. (See Civ. Code, § 5150 et seq., Stats. 1973, ch. 693.) Section 5152,[2] which is set

---

[2]Civil Code section 5152 provides: "(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if the conditions as set forth in any of the following paragraphs are met:

"(a) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state.

"(b) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial

out in full in the margin, provides the jurisdictional requisites for child custody determinations. The court's decision rested on subdivision (1)(b) and it is this subsection which the mother now urges as the provision requiring denial of the father's petition.

The court found that Wyoming would appear to have a closer connection with the children and one of the contestants, the father. This would indicate that jurisdiction is proper in Wyoming under section 5152, subdivision (1)(b). Nevertheless, the court impliedly found that the children and the mother have a significant connection with California and that there is present in this state substantial evidence concerning the children's future care, protection, training and personal relationships. Thus, California would also appear to have jurisdiction under the Act. The court's decision is supported by the following: the parties lived in California during their marriage, the divorce proceeding and subsequent modification of the child custody decree were heard and determined by a California court, the mother has remained a resident of Calfornia since the divorce, the children have visited the mother here and Tonya resided with the mother for a 10-month period during 1975-1976, and much of the evidence relative to the mother's fitness as a custodial parent is in California. Those facts, in our view, support the court's determination that California has jurisdiction under the Act.[3]

---

evidence concerning the child's present or future care, protection, training, and personal relationships.

"(c) The child is physically present in this state and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent.

"(d) (i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (a), (b), (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.

"(2) Except under paragraphs (c) and (d) of subdivision (1), physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.

"(3) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody."

[3]The "Commissioners' Note," the comment of those who approved the draft of the uniform act, states that the provision in question was phrased in general terms to be flexible enough to cover many fact situations too diverse in themselves for exact description.

The note goes on to state that the purpose of the subsection was to limit jurisdiction rather than to proliferate it. Jurisdiction exists only if it is in the child's interest, not merely the interest and convenience of the feuding parties. The child's interest is served when the forum has optimum access to relevant evidence about the child and the family. There must be maximum rather than a minimum contact with the state. (9 U. Laws Ann. p. 108.)

Wyoming alone, according to the father, has jurisdiction pursuant to Civil Code section 5152, subdivision (1)(b). We disagree. Nothing in that section indicates that when one state has jurisdiction another is precluded from jurisdiction. Rather, the Act contemplates that more than one state will meet the jurisdictional requisites under the provisions of the Act. (See Civ. Code, §§ 5155, 5156; and *Clark* v. *Superior Court* (1977) 73 Cal.App.3d 298, 307 [140 Cal.Rptr. 709].)

*Clark* v. *Superior Court, supra,* 73 Cal.App.3d 298, considered this issue. There the mother resided in Oregon with the minor child for five years since the California dissolution giving her custody of the minor child. The court noted the dilemma presented on the facts of the case but found it unnecessary to resolve the issue. The court stated: ". . . we will assume that grounds for the exercise of jurisdiction to make a modification decree exist in both this state and Oregon." The court went on to hold that California should stay the proceeding under Civil Code section 5156 pending the institution of a modification proceeding in Oregon. (*Id.,* at p. 308.) The court in *Clark* thus recognized the possibility that more than one state could have jurisdiction. That a California court issued the initial order was viewed as important in determining whether California continues to have jurisdiction.[4] Other jurisdictions which have considered the effect of the uniform Act on similar statutes have found jurisdiction to modify custody orders in the court making the original order. (See *Moore* v. *Moore* (1976) 24 Ore.App. 673 [546 P.2d 1104, 1107]; *Moran* v. *Moran* (N.D. 1972) 200 N.W.2d 263.)

In the present case the mother has never lost contact with California or with the children and the children have maintained some contact with California since the awarding of custody to the father. Under the facts of this case the trial court did not err in determining that California continues to have jurisdiction to modify its child custody order.[5]

## II

 The court has jurisdiction to modify a child custody decree. We now turn to the issue of whether the court should have exercised its

---

[4]The commissioners' note to section 3 of the uniform Act (Civ. Code, § 5152) recognizes that more than one state can be found to have jurisdiction. In such a case subdivisions (6) and (7) (Civ. Code, § 5156) are used to assure that only one state makes the determination. (See 9 U. Laws Ann., *supra,* p. 107.)

[5]Our resolution of this issue makes it unnecessary to consider the mother's contention that the father waived objection to jurisdiction by failing to raise that objection prior to making an appearance in the matter.

power. The father contends that the court should decline to determine the matter and should stay the proceeding pending a determination by a Wyoming court. We agree.

Civil Code section 5156,[6] set out in full in the margin, provides the circumstances under which a court may decline to exercise its jurisdiction.

[6]Civil Code section 5156 provides: "(1) A court which has jurisdiction under this title to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.

"(2) A finding of inconvenient forum may be made upon the court's own motion or upon motion of a party or a guardian ad litem or other representative of the child.

"(3) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:

"(a) If another state is or recently was the child's home state.

"(b) If another state has a closer connection with the child and his family or with the child and one or more of the contestants.

"(c) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state.

"(d) If the parties have agreed on another forum which is no less appropriate.

"(e) If the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in Section 5150.

"(4) Before determining whether to decline or retain jurisdiction the court may communicate with a court of another state and exchange information pertinent to the assumption of jurisdiction by either court with a view to assuring that jurisdiction will be exercised by the more appropriate court and that a forum will be available to the parties.

"(5) If the court finds that it is an inconvenient forum and that a court of another state is a more appropriate forum, it may dismiss the proceedings, or it may stay the proceedings upon condition that a custody proceeding be promptly commenced in another named state or upon any other conditions which may be just and proper, including the condition that a moving party stipulate his consent and submission to the jurisdiction of the other forum.

"(6) The court may decline to exercise its jurisdiction under this title if a custody determination is incidental to an action for divorce or another proceeding while retaining jurisdiction over the divorce or other proceeding.

"(7) If it appears to the court that it is clearly an inappropriate forum it may require the party who commenced the proceedings to pay, in addition to the costs of the proceedings in this state, necessary travel and other expenses, including attorney's fees, incurred by other parties or their witnesses. Payment is to be made to the clerk of the court for remittance to the proper party.

"(8) Upon dismissal or stay of proceedings under this section the court shall inform the court found to be the more appropriate forum of this fact, or if the court which would have jurisdiction in the other state is not certainly known, shall transmit the information to the court administrator or other appropriate official for forwarding to the appropriate court.

"(9) Any communication received from another state informing this state of a finding of inconvenient forum because a court of this state is the more appropriate forum shall be filed in the custody registry of the appropriate court. Upon assuming jurisdiction the court of this state shall inform the original court of this fact."

The court found that Wyoming is the children's home and has a closer connection with the children and the father. Initially, these factors indicate that Wyoming is a more appropriate forum. However, we must also consider whether evidence concerning the children's present or future care, protection, training, and personal relationships is more readily available in California. Finally, we must examine whether the exercise of jurisdiction in this state would contravene any of the purposes of the Act stated in Civil Code section 5150.[7]

The father has had custody of the children since 1968. For the past five years he has lived with them in Wyoming. Thus, the evidence relative to the children's training and education and emotional well-being is more readily available in Wyoming. The court, while noting that these factors are at issue, stated that these can be determined by either court where the matter might be heard. As previously noted, the court added that the mother's emotional well-being and suitability as a custodial parent (even the physical suitability of her home might be at issue) were important matters for consideration. The court ruled that California should make the determination. The mother now urges that her suitability is the major issue and requires that California determine the cause. Such a contention overlooks the true issue in any child custody determination.

The primary consideration in a child custody determination is the best interest and welfare of the child. (Civ. Code, § 4600, subd. (a): *Clarke* v.

[7]Civil Code section 5150 provides: "(1) The general purposes of this title are to:

"(a) Avoid jurisdiction competition and conflict with courts of other states in matters of child custody which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being.

"(b) Promote cooperation with the courts of other states to the end that a custody decree is rendered in that state which can best decide the case in the interest of the child.

"(c) Assure that litigation concerning the custody of a child take place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state.

"(d) Discourage continuing controversies over child custody in the interest of greater stability of home environment and of secure family relationships for the child.

"(e) Deter abductions and other unilateral removals of children undertaken to obtain custody awards.

"(f) Avoid relitigation of custody decisions of other states in this state insofar as feasible.

"(g) Facilitate the enforcement of custody decrees of other states.

"(h) Promote and expand the exchange of information and other forms of mutual assistance between the courts of this state and those of other states concerned with the same child.

"(i) To make uniform the law of those states which enact it.

"(2) This title shall be construed to promote the general purposes stated in this section."

*Clarke* (1970) 4 Cal.App.3d 583, 589 [84 Cal.Rptr. 393]; *Nadler* v. *Superior Court* (1967) 255 Cal.App.2d 523, 524-525 [63 Cal.Rptr. 352].) ██ Although it is said that the trial court has broad discretion in awarding custody or in modifying a prior award, the judge must exercise discretion upon a consideration of the evidence. (6 Witkin, Summary of Cal. Law (8th ed. 1974) pp. 4592-4595.) The court's exercise of discretion in child custody determinations is seldom overruled. But the court may not make an award of custody without a consideration of all the evidence. (*Nadler* v. *Superior Court, supra,* 255 Cal.App.2d at p. 525.) A failure of the trial court to consider all the evidence is a failure to exercise discretion and requires reversal of the determination. (*Ibid.*)

██ The determination of what is in the best interest and welfare of the children is necessarily a comparative issue. The evidence cannot be limited to the mother's present emotional well-being and suitability. Very important evidence as to what is in the best interest of the children is to be found in Wyoming: the children's current relationship with the father and his wife, with whom they have resided since 1968; their relationship to the community in which they have resided for the last five years; and their schooling and education. The court must also consider the possible adverse effect that a change of custody could have upon the children. Evidence of all of these factors is most readily available at the site of the children's home, Wyoming. It is true that evidence of the mother's suitability as a custodial parent is an important consideration, as is evidence of the father's suitability. Of all the evidence which must be considered only the evidence of the mother's present suitability is better obtained in California. The bulk of the evidence regarding the best interests of the children is more readily available in Wyoming.

One of the stated purposes of the Act is to assure that litigation concerning custody takes place in the state having the closest connection with the children and their family and where the evidence is most readily available. (Civ. Code, § 5150.) The exercise of jurisdiction by California would contravene that purpose. As the state where most of the evidence is readily available and where the children have lived for five years, Wyoming can better decide the matter.

Just prior to the adoption of the Uniform Act in California, the California Supreme Court decided *Ferreira* v. *Ferreira* (1973) 9 Cal.3d 824 [109 Cal.Rptr. 80, 512 P.2d 304]. The court there discussed the problems arising in custody disputes when the parents lived in different states and each state may have a jurisdictional basis to make a custody

order. The court stated: "We have neither been able to find a perfect answer to the dilemma nor to invent a solution of our own. We can do no better than submit a realistic resolution: the court of the forum should ordinarily refuse to reopen the question of the custody of a child whose custody is vested under an existing decree in a nonresident parent." (*Id.,* at p. 829.) The court concluded that a California court should normally stay proceedings in this state to permit a final adjudication in the state of the parent entitled to custody. (*Id.,* at p. 842.) Although the uniform act has since been enacted, we believe the opinion in *Ferreira* remains valid. Civil Code sections 5150 and 5156 evidence the same concerns that were present in the *Ferreira* case. The matter of a change in custody is best determined in a state where the children live and where the relevant evidence is most readily available.

In *Clark* v. *Superior Court, supra,* 73 Cal.App.3d 298, which we find persuasive, a father sought modification of a California custody decree. The father resided in California, and the mother and child had resided in Oregon for five years since the original order. The trial court ruled that California had jurisdiction and that the matter should be heard in California. The Court of Appeal, while assuming jurisdiction, ruled that the California court should stay the proceeding pending a determination in Oregon. (*Id.,* at p. 310.)

The mother has indicated concern that if the matter is to be determined in Wyoming she may have difficulty in producing her evidence. The concerns will be mitigated. First, under the Act the mother may present evidence by deposition. (Civ. Code, § 5166.) Records and transcripts of prior hearings may be forwarded to the Wyoming court. (Civ. Code, §§ 5170, 5171.) If the Wyoming court so requests, a court of this state may hold an evidentiary hearing and forward transcripts of the hearing to the Wyoming court. (Civ. Code, § 5168.) Second, the California court will retain jurisdiction under the stay of the proceeding. Should the father refuse to submit to the Wyoming court's jurisdiction or should the Wyoming court decline to hear the matter, the California court may grant appropriate relief. Third, when the Wyoming court considers the matter it would best effectuate the cooperative effort of the Uniform Act to have the matter lodged with the Siskiyou County Superior Court where the mother resides. Neither party has challenged the court's finding that justice will be better served by such a transfer.

The petition is granted. Let a peremptory writ of mandate issue ordering the respondent court to vacate its order of October 14, 1977, insofar as it denied petitioner any relief under Civil Code section 5156. The court is directed to stay the proceedings in this state. Upon issuing an order staying the proceedings, the court may transfer the matter to Siskiyou County.

Evans, Acting P. J., and Friedman, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.