[No. B016021. Second Dist., Div. Six. May 8, 1986.]

In re the Marriage of LISA MARIE and DAVID DUANE FOX.
LISA MARIE FOX, Appellant, v.
DAVID DUANE FOX, Respondent.

**COUNSEL**

Bennett Rolfe and Sueann E. Sherry for Appellant.

Steve Pell for Respondent.

**OPINION**

**ABBE, J.**—Appeal by Lisa Marie Fox from an order of the Ventura County Superior Court staying child custody proceedings filed by her in that court and enforcing a Louisiana custody order in favor of respondent David Duane Fox.

We hold that under the Uniform Child Custody Jurisdiction Act (hereinafter U.C.C.J.A.; Civ. Code, § 5150 et seq.)[1] there is not substantial evidence to support the finding of Louisiana jurisdiction, and the trial court abused its discretion in its ruling declining jurisdiction. We reverse and remand.

---

[1]All further statutory references are to this code unless otherwise specified.

## FACTS

The stipulated facts are as follows: Appellant and respondent, both former residents of California, were married on July 8, 1980, in Tennessee, where respondent had been transferred in his capacity as a United States Navy enlisted man. Their child, David Duane Fox, Jr., was born in Tennessee on January 21, 1983, and lived there with them until December 9, 1984, when the family moved to Louisiana.

On January 11, 1985, appellant left Louisiana and went to her parents' home in Camarillo, California. She took their child with her and left a note for respondent stating that she was going to her parents because she "had to get away and think," and that she was afraid of him. In the note, she provided him her parents' telephone number.

On February 11, 1985, appellant filed a petition for legal separation in Ventura County, including a request the parties have joint legal custody of the child and that she be awarded sole physical custody. Two days later respondent was served with summons by registered mail in Louisiana and signed the return receipt.

On February 20, 1985, respondent filed a petition in Louisiana seeking separation and sole custody of the child. Pursuant to his request, the Louisiana court appointed an attorney as "curator" (La. Rev. Stat., ch. 13, § 1704) to represent appellant's interests. The curator attempted to notify appellant by two registered letters, dated March 1 and March 8, that the Louisiana proceeding was pending. The letters were sent to appellant's Camarillo address. The first letter was returned after being refused by appellant's father, and the second was returned unclaimed.

Respondent's action was heard in Louisiana on June 6, 1985. Even though he had been served with summons and complaint in the California action, respondent stated orally before the court in Louisiana that he did not know of any child custody proceedings pending in any other state. The only witnesses at the hearing were respondent and his father. Appellant was represented by the curator. The court awarded custody to respondent under the Louisiana version of U.C.C.J.A. (La. Rev. Stat., ch. 13, § 1700 et seq.). There is nothing in the record to indicate that the Louisiana court was aware of the pending California action.

Respondent appeared at appellant's father's house in Camarillo on June 15 along with local police and requested appellant's father to release the child pursuant to the Louisiana judgment. Appellant and the child were not

then in the house. The father shortly thereafter notified appellant's attorney of the existence of the Louisiana judgment.

On June 18, 1985, appellant made an ex parte application to the Ventura court for a temporary custody order, challenging Louisiana jurisdiction and requesting temporary custody pending a hearing. The application was granted and a hearing was set for July 3. On June 20, appellant filed an order to show cause set for July 3 requesting custody of the child, spousal support, attorney fees and costs, and injunctive relief restraining respondent from approaching or harassing appellant, her parents, and the child.

At the July 3 hearing, respondent filed points and authorities that he characterized as a "special appearance" contesting California jurisdiction on the basis of the Louisiana judgment and requesting that the latter be enforced.

After the hearing, during which attorneys for both sides examined appellant, appellant's father, and respondent, the matter was submitted.

On July 22, the Ventura court issued an order staying California custody proceedings and ordering appellant to either return the child to respondent or appear with the child before the Louisiana court to seek modification of that court's custody award. The court made written findings that Louisiana had jurisdiction to award custody to respondent, Louisiana retained primary jurisdiction over the custody dispute, there was no valid basis for California jurisdiction and, even if California could exercise jurisdiction, the court was declining to do so due to this state's being an inconvenient forum (§ 5156) and appellant's conduct in removing the child from Louisiana. (§ 5157, subd. (1).)

On September 27, 1985, we granted appellant's petition for a writ of supersedeas staying the trial court's order pending this appeal.

DISCUSSION

*Standard of Review*

■ A trial court's finding of California jurisdiction under U.C.C.J.A. is subjected to a substantial evidence standard of review. (*In re Marriage of Leonard* (1981) 122 Cal.App.3d 443, 468 [175 Cal.Rptr. 903].) This same standard is applied to California findings regarding foreign states' jurisdiction for purposes of enforcing out-of-state decrees. (*In re Marriage of Hopson* (1980) 110 Cal.App.3d 884, 902 [168 Cal.Rptr. 345].)

On the other hand a finding of no California jurisdiction based on uncontested facts is reviewed under an abuse of discretion standard of review. (*In*

*re Marriage of Schwander* (1978) 79 Cal.App.3d 1013, 1020 [145 Cal.Rptr. 325]; *Clark* v. *Superior Court* (1977) 73 Cal.App.3d 298, 301 [140 Cal.Rptr. 709].) Rulings that jurisdiction is absent based on a court's resolution of conflicting evidence should be reviewed under a substantial evidence standard. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 278.)

■ Where two states have concurrent jurisdiction, a court's decision whether to decline jurisdiction either as an inconvenient forum, or because one of the parents has unilaterally removed the child from the other forum, is a discretionary determination. (*Plas* v. *Superior Court* (1984) 155 Cal.App.3d 1008, 1019 [202 Cal.Rptr. 490]; *In re Marriage of Ben-Yehoshua* (1979) 91 Cal.App.3d 259, 268 [154 Cal.Rptr. 80].)

■ Since an adjudication under U.C.C.J.A. requires subject-matter jurisdiction, the Court of Appeal is not bound by the trial court's findings and may independently reweigh the jurisdictional facts. (See *Clark* v. *Superior Court, supra,* 73 Cal.App.3d 298.)

*Analysis of Jurisdiction Under U.C.C.J.A.*

As this case presents a combination of jurisdictional issues upon which California courts have often focused separately, but not seriatim, we take this opportunity to set forth a procedure for analyzing problems arising from U.C.C.J.A.

■ Where one parent petitions for custody, but an out-of-state decree already vests custody in the other parent, a court of this state must first determine whether the existing decree is enforceable under section 5162. The court shall enforce the foreign award if the foreign court had subject-matter jurisdiction under U.C.C.J.A. (*In re Marriage of Hopson, supra,* 110 Cal.App.3d 884, 893; *In re Marriage of Schwander, supra,* 79 Cal.App.3d 1013, 1018.)

■ If the foreign decree is enforceable the court shall not modify it unless the foreign court no longer has subject matter jurisdiction and the court itself has such jurisdiction. (§ 5163.) If the decree is both enforceable under section 5162 and nonmodifiable under section 5163, the foreign state retains exclusive, "continuing jurisdiction" over the custody dispute, and other courts must enforce and refrain from modifying the award. (*Kumar* v. *Superior Court* (1982) 32 Cal.3d 689, 696 [186 Cal.Rptr. 772, 652 P.2d 1003]; *Peery* v. *Superior Court* (1985) 174 Cal.App.3d 1085 [219 Cal.Rptr. 882].)

■ If the foreign decree is not enforceable, or the foreign court no longer retains jurisdiction, or if there is no existing decree, the court should

determine its own subject-matter jurisdiction under section 5152. (*Plas* v. *Superior Court, supra,* 155 Cal.App.3d 1008, 1013; *In re Marriage of Ben-Yehoshua, supra,* 91 Cal.App.3d 259, 264.) Even if the court could take jurisdiction, it may decline to do so if jurisdiction exists concurrently in another state under sections 5155, 5156, or 5157, on the basis of simultaneously pending proceedings, inappropriateness of the forum state, or wrongful conduct, respectively. (*In re Marriage of Leonard, supra,* 122 Cal.App.3d at p. 468.)

In this case appellant petitioned for custody in California and respondent offered as a defense the existence of a Louisiana decree. We therefore begin our analysis with the question of the Louisiana judgment's enforceability.

*Louisiana Jurisdiction*

We find there is not substantial evidence in the record to support the trial court's ruling that Louisiana had jurisdiction to make an award of custody.

■ The courts are bound to recognize and enforce another state's original decree if that state had assumed jurisdiction under laws substantially in accord with U.C.C.J.A., or if the decree was made under factual circumstances meeting U.C.C.J.A. jurisdictional standards. (§ 5162; *In re Marriage of Hopson, supra,* 110 Cal.App.3d 884, 902.) This section was intended to subject out-of-state decrees to U.C.C.J.A. subject-matter jurisdiction requirements. (9 West's Ann. U. Laws (1979 ed.) U. Child Custody Jurisdiction Act, § 13.)

■ In his petition in Louisiana respondent alleged only one basis upon which the Louisiana court had jurisdiction; that is the "home state" provision of U.C.C.J.A. (La. Rev. Stat. Ann., § 13:1702(A)(1); accord § 5152, subd. (1)(a).) This test for subject-matter jurisdiction requires that the forum state be the child's home state when the proceeding commences or within six months of such commencement. Home state is defined as a state where the child has lived with his parents or a parent for at least six months immediately preceding the time involved. (La. Rev. Stat. Ann., § 13:1701; § 5151, subd. (5).) Louisiana could not have been found to be the child's home state, he having lived there at most only one rather than the necessary six months. The Louisiana judgment is not entitled to recognition and enforcement in California. (§ 5162; see *In re Marriage of Hopson, supra,* 110 Cal.App.3d at p. 902.)

■ To the extent that the Louisiana judgment may have been based on other U.C.C.J.A. jurisdictional grounds, as suggested by respondent in his brief, but which were neither pled nor litigated, it would be unenforceable

as a judgment in excess of jurisdiction. If a court gives a remedy not warranted by the pleadings or not expressly litigated, the judgment is improper. (2 Witkin, Cal. Procedure (1985) Jurisdiction, § 232; *Ruddock* v. *Ohls* (1979) 91 Cal.App.3d 271, 276 [154 Cal.Rptr. 87].)

Respondent's argument that his domicile as a serviceman in Louisiana gave that court jurisdiction over a child custody dispute simply ignores the subject-matter jurisdiction requirements of U.C.C.J.A. The case he cites in support of this proposition deals solely with separation and not with custody issues. (*In re Marriage of Thornton* (1982) 135 Cal.App.3d 500 [185 Cal.Rptr. 388].)

Because we find that the trial court's determination that Louisiana had jurisdiction was unsupported, we need not rule on appellant's contentions that we are compelled to find that Louisiana could not have retained jurisdiction over the dispute based on an invalid decree. (La. Rev. Stat. Ann., § 13:1713; § 5163; *Kumar* v. *Superior Court, supra,* 32 Cal.3d at pp. 695-696.) Nor need we consider appellant's argument Louisiana jurisdiction was invalidated by respondent's alleged misrepresentation as to his lack of knowledge of the California action, and by a lack of proper notice to appellant under U.C.C.J.A.

### California Jurisdiction

We turn next to the question of California jurisdiction under section 5152. We hold that the trial court did not abuse its discretion in finding California did not have jurisdiction under section 5152, subdivisions (1)(a) through (1)(c). However, the trial court did not analyze the question of its jurisdiction under section 5152, subdivision (1)(d), the "no other state" provision, due to its erroneous ruling that Louisiana had continuing jurisdiction. California may well have jurisdiction under section 5152, subdivision (1)(d).

■ Under section 5152, subdivision (1) a court has jurisdiction to make a child custody determination if, among other alternative tests: (a) the state is the child's home state when the proceeding commences or within six months of such commencement; (b) the child and his parents, or the child and at least one contestant, have a significant connection with the state and there is available in the state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; (e) the child is physically present in the state and has been abandoned or threatened with mistreatment; or (d) no other state would have jurisdiction under the above provisions, or another state has declined to exercise jurisdiction as an inappropriate forum, and it is in the best interests of the child that the court assume jurisdiction.

With section 5152, subd. (1)(d) the drafters of U.C.C.J.A. intended to provide a basis for jurisdiction which was to be applied if no other state could, or would assume jurisdiction under the other three tests. (Comrs. note, 9 West's Ann. U. Laws, *op. cit. supra,* § 3.)

■ Because Louisiana did not have jurisdiction, this case is one in which no enforceable foreign order exists since no state meets the prerequisites of section 5152, subdivisions (1)(a)-(c). The trial court, under the facts here, may make a finding of California jurisdiction under section 5152, subdivision (1)(d). (*Plas* v. *Superior Court, supra,* 155 Cal.App.3d at p. 1013.)

*Inconvenient Forum*

■ The trial court held here that even if California had jurisdiction, such jurisdiction should be declined because this state was an "inconvenient forum" under section 5156. We hold this was an abuse of discretion.

Section 5156 provides that a court that otherwise has jurisdiction may decline to exercise its jurisdiction if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum. The inconvenient forum doctrine has been limited in its application to situations where at least two states concurrently had jurisdiction. (Comrs. note, 9 West's Ann. U. Laws, *op. cit. supra,* § 3; *Plas* v. *Superior Court, supra,* 155 Cal.App.3d 1008, 1018-1019; *Bosse* v. *Superior Court* (1979) 89 Cal.App.3d 440, 443 [152 Cal.Rptr. 665].)

Factors to be used in making the determination of appropriateness include the following: another state being currently or recently the child's home state, another state having a closer connection with the child and his family or with the child and a contestant, substantial evidence regarding future care existing in another state, the parties' agreement on another forum no less appropriate, and if the exercise of jurisdiction would contravene any of the purposes of U.C.C.J.A. (§ 5156, subds. (3)(a)-(e).)

■ Since the finding of continuing Louisiana jurisdiction was not supported by substantial evidence, this case does not involve a concurrent jurisdiction situation, the only context in which section 5156 has been applied. (*Plas* v. *Superior Court, supra,* 155 Cal.App.3d 1008; *Bosse* v. *Superior Court, supra,* 89 Cal.App.3d 440.)

In addition, Louisiana meets few if any of the criteria for a more appropriate forum. It never was the child's home state (§ 5151), it does not

necessarily have a closer connection with the child than California, there appears no greater likelihood that future-care evidence could be found in Louisiana than in California (*Schlumpf* v. *Superior Court* (1978) 79 Cal.App.3d 892, 900 [145 Cal.Rptr. 190]), and the parties did not agree upon Louisiana as a forum.

Respondent's arguments that California jurisdiction should be declined because of U.C.C.J.A. policies in favor of home environment stability (§ 5150, subd. (d)), deterrence of unilateral removals of children (§ 5150, subd. (e)), and avoidance of relitigation of other states' custody decisions (§ 5150, subd. (f)) only make sense if Louisiana had jurisdiction to hear the dispute and had issued an enforceable custody decree.

### Unilateral Removal

The trial court determined that alternatively, California should decline jurisdiction under section 5157, subdivision (1), due to appellant's having taken the child to California without having, in the court's words, "a valid legal reason." We find that the trial court abused its discretion in applying section 5157, subdivision (1).

Section 5157, subdivision (1) provides that if the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in similar reprehensible conduct, the court may decline to exercise jurisdiction for purposes of adjudication of custody if this is just and proper under the circumstances. Section 5157, subdivision (1) has also been limited in its application to the concurrent jurisdiction situation. (*In re Brandie W.* (1984) 157 Cal.App.3d 110, 113 [203 Cal.Rptr. 537].) California courts have also limited this section to situations where a child has been removed from a state in violation of an existing custody order or injunction. (*In re Marriage of Hopson, supra,* 110 Cal.App.3d at pp. 898-899; *In re Marriage of Ben-Yehoshua, supra,* 91 Cal.App.3d at p. 268.) Even if these prerequisites are met, the drafters of U.C.C.J.A. indicated their intention that the section apply when one spouse "without warning forcibly removes the children" and whose conduct is "so objectionable that a court in the exercise of its inherent equity powers cannot in good conscience permit that party access to its jurisdiction." (Comrs. note, 9 West's Ann. U. Laws, *op. cit. supra,* § 8.)

As pointed out this is not a concurrent jurisdiction situation. Nor was there an existing custody order or other decree in Louisiana when appellant took the child with her to California. Finally, appellant's trip with the child to her parents' home only after having left a note giving her reasons for leaving, specifying her location and current telephone number could hardly

be considered reprehensible or objectionable conduct within the meaning of the statute.

CONCLUSION

The trial court's rulings that the Louisiana decree was enforceable and Louisiana continued to exercise jurisdiction over the dispute were not supported by substantial evidence. Such rulings made it impossible for that court to determine whether California had jurisdiction under section 5152, subdivision (1)(d). The trial court's holding that California should decline jurisdiction as an inconvenient forum, or under the unilateral removal doctrine, was an abuse of discretion.

We reverse and remand with directions to the trial court to rule whether or not California will assume jurisdiction in this matter under Civil Code section 5152, subdivision (1)(d). The order of the superior court directing appellant to either return the child to respondent or appear in court in Louisiana is vacated.

Stone, P. J., and Gilbert, J., concurred.

On May 27, 1986, the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied August 13, 1986.