[No. B067268. Second Dist., Div. Three. July 20, 1992.]

CYNTHIA LOUGH, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
DAVID J. LOUGH, Real Party in Interest.

## COUNSEL

Ross L. Williams for Petitioner.

No appearance for Respondent.

David J. Lough, in pro. per., for Real Party in Interest.

## OPINION

THE COURT.*—Petitioner Cynthia Lough (Cynthia) seeks a writ of mandate directing the respondent court to vacate an order requiring her to appear with a minor child, to vacate its finding that California has jurisdiction over this matter, and to enter an order that Ohio is the state having jurisdiction. Cynthia contends there is no basis for continuing jurisdiction in California over custody, child support and visitation issues since no parent resides in this forum and California has lost all or almost all contact with the child. (Civ. Code, §§ 5150-5174.)[1] We agree. The petition is granted. A peremptory writ of mandate shall issue directing the respondent court: (1) to vacate its orders asserting jurisdiction over custody, child support and visitation issues, and (2) to inform the appropriate court in Ohio that California declines jurisdiction, in that Ohio is the more appropriate forum for litigation of all custody, child support and visitation issues arising subsequent to the December 13, 1991, hearing.

### BACKGROUND

A dissolution of the marriage of Cynthia and David J. Lough (David) was entered in California in September 1991. Cynthia received full physical custody of the child. Prior to entry of the judgment of dissolution, David had moved to Texas. On October 1, 1991, Cynthia and the child moved to Ohio, the state in which the extended families of both Cynthia and David reside. Subsequent to the time both of the parents and the minor left California with the express intention of establishing residency in another state, Commissioner Keith M. Clemens on December 13, 1991, entered the following

---

*Before Klein, P. J., Croskey, J., and Hinz, J.

[1]All statutory references are to the Civil Code.

order: "Court retains jurisdiction over the issue of attorney fees upon further written declarations. Parties are to submit declarations regarding visitation. Upon receipt of declarations matter will stand submitted."

In January 1992, Cynthia filed a petition in the Ohio court to register the California judgment and to have child support paid through a wage deduction order. On February 2, 1992, David filed a motion in the Ohio court to vacate registration of the California judgment, to dismiss the motion for child support through a wage deduction, and contested the jurisdiction of the Ohio court. On February 10, 1992, the Ohio court ruled: "The court finds that it does have jurisdiction over this motion and [David's] motion is overruled." The Ohio court found David in contempt for failing to pay child support and sentenced him to 30 days in jail, which sentence was suspended on the condition David pay back child support in full or pay $650 per month until the arrearage was paid and $600 per month thereafter. An order to withhold child support from David's salary was issued to David's employer in Fort Worth, Texas.

On May 7, 1992, a hearing was conducted in the Ohio court on David's second challenge to that court's jurisdiction. The Ohio court was informed of David's ex parte motion pending in California but again rejected David's challenge to Ohio's jurisdiction. The Ohio court found: (1) Ohio is the home state of the minor; (2) David is a resident of Texas; and (3) Ohio has jurisdiction to enforce and/or modify the custody order, including visitation and child support.

Meanwhile David filed an ex parte motion in California seeking modification of visitation and child support, reimbursement of airline fees and sanctions. At a subsequent hearing on David's motions, Commissioner McKinney, on May 8, 1992, telephoned the Ohio court and learned that although the Ohio court knew about David's motion in California the Ohio court was not fully aware of the December 13, 1991, minute order which required the filing of further declarations about David's visitation rights. Commissioner McKinney then asserted that the courts of California retained jurisdiction over custody and visitation, based on the December 13, 1991, order, and scheduled a hearing on David's motion for modification of visitation and child support and for sanctions. Cynthia then filed this petition for writ of mandate. Upon our initial review of the petition, we issued a stay of further proceedings in California together with a notice of the possibility we would issue a peremptory writ of mandate in the first instance. (See,

*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].)[2]

## Discussion

### 1. *Statutory and Case Law*

The general purposes of the Uniform Child Custody Jurisdiction Act (§§ 5150-5174) are established in section 5150 as assuring that litigation concerning the custody of the child take place in the state in which the child and his family have the closest connection and where the evidence concerning his care, protection, training and personal relationships is most readily available; and that California courts decline jurisdiction when the child and his family have a closer connection with another state.

Section 5156 sets forth the factors to be considered in determining which state is the appropriate forum for determination of child custody issues: "(1) A court which has jurisdiction under this title to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum. . . . [¶] (3) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others: [¶] (a) If another state is or recently was the child's home state. [¶] (b) If another state has a closer connection with the child and his family or with the child and one or more of the contestants. [¶] (c) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state. . . . [¶] (5) If the court finds that it is an inconvenient forum and that a court of another state is a more appropriate forum, it may dismiss the proceedings, or it may stay the proceedings upon condition that a custody proceeding be promptly commenced in another named state or upon any other conditions which may be just and proper, including the condition that a moving party stipulate his consent and submission to the jurisdiction of the other forum. . . . [¶] (8) Upon dismissal or

---

[2]In addition to the opposition received to issuance of the writ of mandate from David and the reply from Cynthia, Commissioner Clemens, who entered the December 13, 1991, order, filed a letter in this court, with copies to all parties. According to the letter from Commissioner Clemens, all matters relating to the December 13, 1991, proceeding have been resolved and he is ready to file an order as soon as the temporary stay order issued by this court is lifted. Commissioner Clemens states the issues involved the December 13, 1991, proceeding are unrelated to the matters which are the subject of this petition. As discussed later in this opinion, a California court may retain jurisdiction over marital dissolution and property issues after transfer of the custody dispute to the proper forum. (§ 5156, subd. (6).)

stay of proceedings under this section the court shall inform the court found to be the more appropriate forum of this fact, or if the court which would have jurisdiction in the other state is not certainly known, shall transmit the information to the court administrator or other appropriate official for forwarding to the appropriate court."

■ Section 5152, subdivision (1)(a), defines the child's home state as the place of the child's residence *within the six-month period prior to the commencement of the proceeding.* Subdivision (1)(b) of section 5152 provides for the assertion of jurisdiction in California *if the child and at least one contestant has a significant connection with this state and if there is substantial evidence available here concerning the child's present or future care, protection, training, and personal relationships.* Here, no contestant continues to have any "significant connection with this state," and .the evidence concerning the child's present and future "care, protection, training, and personal relationships" is located in Ohio.

In *Clark* v. *Superior Court* (1977) 73 Cal.App.3d 298 [140 Cal.Rptr. 709], the court granted a writ requiring a stay of the California proceedings based upon a finding that Oregon, the residence of the child for five years prior to the initiation of the California litigation, was the more convenient forum because evidence relating to the child's present care, training and personal relationships was located there. A solid line of case law follows the same rationale. (See, e.g., *Schlumpf* v. *Superior Court* (1978) 79 Cal.App.3d 892 [145 Cal.Rptr. 190]; *Bosse* v. *Superior Court* (1979) 89 Cal.App.3d 440 [152 Cal.Rptr. 665]; *Hafer* v. *Superior Court* (1981) 126 Cal.App.3d 856 [179 Cal.Rptr. 132].) ■ David's opposition filed in this court characterizes Cynthia's move to Ohio as an attempt to flee the jurisdiction of California. There is no evidence whatsoever to support that proposition. To the contrary, Cynthia moved to the state in which the extended families of both Cynthia and David reside. Even if true, such conduct would not provide a basis for retaining jurisdiction in a forum in which neither parent resides and which has lost all or almost all contact with the child. Even where one parent moves from the state without giving the other parent the new address and deliberately violates a visitation order there is no basis for a California court to retain jurisdiction based upon that conduct if the evidence relating to the child's *present* care, training and personal relationships is located in another state. (*Bosse, supra,* 89 Cal.App.3d at pp. 444-445.) In *Bosse,* the parent seeking to retain custody in California was a resident of this forum. The circumstances here are even less favorable for retaining jurisdiction in California in that neither David nor Cynthia is a resident of California.

■ The general rule is that the decree court should refuse to reopen the custody question where the custody is vested under an existing decree in a

nonresident parent. (*Allison* v. *Superior Court* (1979) 99 Cal.App.3d 993, 1002 [160 Cal.Rptr. 309].) But for the December 13, 1991, order requiring the filing of further declarations regarding a visitation dispute occurring prior to that date, the litigation clearly belongs in Ohio. The issue remains as to whether retention of jurisdiction over a visitation dispute is sufficient to confer continuing jurisdiction in California over a child custody and support controversy.

### 2. *Continuing Jurisdiction*

In a proceeding by a custodial parent residing in California to modify a New York child support order, custody and visitation decree, our Supreme Court held there is no concurrent modification jurisdiction. (*Kumar* v. *Superior Court* (1982) 32 Cal.3d 689, 695-702 [186 Cal.Rptr. 772, 652 P.2d 1003].) *Kumar* held the California court did not have authority to modify the New York decree unless that court no longer has jurisdiction under the jurisdictional prerequisites of the Uniform Child Custody Act or has declined jurisdiction. The state which entered the decree continues to have jurisdiction to modify the decree as long *as one parent or another contestant continues to reside there* and continues to assert and exercise custody and visitation rights. (*Id.* at p. 696.) The continuing jurisdiction continues until the decree state *loses all or almost all connection with the child. (Id.* at p. 699.) Here, neither parent continues to live in California and the child has lived in Ohio for more than the six-month statutory period. If the decree state has lost contact, then the analysis is which state has the closest contact under section 5152. (*Ibid.*)

Subdivision (1)(a) of section 5152 permits jurisdiction in California only if the child and at least one contestant continues to have a significant connection with this forum. David relies on *McArthur* v. *Superior Court* (1991) 235 Cal.App.3d 1287 [1 Cal.Rptr.2d 296], in which the decree state was held to retain jurisdiction over custody even though the custodial parent had moved to California. *McArthur* does not decide the issue raised here since the noncustodial parent in *McArthur* continued to reside in the decree state. (*Id.* at p. 1293.) David also cites *Pieri* v. *Superior Court* (1991) 1 Cal.App.4th 114 [1 Cal.Rptr.2d 742], in which the primary issue was visitation rights. The *Pieri* court found substantial evidence available in California regarding the *resident* noncustodial parent's relationship with the child who lived in Switzerland. (*Id.* at pp. 120-122.)

This case is unlike any of the other cases on the issue in that *neither parent is a resident of California* at this time and the child has lived in Ohio for approximately eight months. The holding in *Kumar, supra*, 32 Cal.3d 689,

indicates the decree state has continuing jurisdiction when at least one parent remains in the decree state or until the state loses all or almost all connection with the child. Here, neither parent remains in California and the state has lost all or almost all connection not only with the child but also with both parents. The dispute resolves around David's failure to pay child support to residents of Ohio and the alleged refusal to allow David to exercise his visitation rights in Ohio. The unresolved issues remaining from the December 13, 1991, order,[3] an order entered after all parties had left the state, are not sufficient to justify continuing jurisdiction in California over custody, child support and visitation rights. We cannot envision a more inconvenient forum for determination of custody, child support and visitation issues than the circumstances present here where both of the parents and the minor have established residency in other states and all evidence relating to the *present* care, training, and personal relationships are located in Ohio, the residence of the minor.

## CONCLUSION

The respondent court retains jurisdiction to decide any unresolved issues pertaining to the marital dissolution or property issues (§ 5156, subd. (6)) and to decide the issue of attorney fees which were incurred in California,[4] but must transfer to Ohio all issues relating to any custody, child support and/or visitation disputes between *nonresidents* of this forum.

## DISPOSITION

Let a peremptory writ of mandate issue directing the respondent court to enter an order declining jurisdiction over custody, child support and visitation matters pertaining to nonresidents of California, and to inform the appropriate court in Ohio of this court's determination that Ohio is the more appropriate forum to resolve all custody, child support, and visitation disputes.

---

[3]Nothing in this opinion is to be construed in a manner which bars entry of the order resolving the matters at issue in the December 13, 1991, hearing.

[4]Section 5156, subdivision (7), provides: "If it appears to the court that it is clearly an inappropriate forum it may require *the party who commenced the proceedings* to pay, in addition to the costs of the proceedings in this state, necessary travel and other expenses, including attorney's fees, incurred by other parties or their witnesses. Payment is to be made to the clerk of the court for remittance to the proper party." (Italics added.) Irrespective of liability for attorney fees incurred prior to the December 13, 1991, order, it appears that attorney fees incurred, as well as other costs and expenses, by reason of David's subsequent filing of motions in an inappropriate forum may fall within the provisions of subdivision (7) of section 5156, especially where as here the Ohio courts had determined the minor's home state was and is Ohio and had accepted jurisdiction over the custody, child support and visitation issues which David then attempted to litigate in California.

The temporary stay order entered by this court shall remain in effect until the respondent court enters an order in compliance with the directions and views set forth herein. Our stay order shall then expire under its own terms.

A petition for a rehearing was denied July 30, 1992.