Filed 8/26/14  Tazuk v. Bishop CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BRIAR TAZUK,<br><br>    Petitioner and Appellant,<br><br>v.<br><br>HOLLEY BISHOP,<br><br>    Respondent. | A140192<br><br>(Napa County<br>Super. Ct. No. 26-50053) |

Briar Tazuk appeals following the trial court's stay and dismissal of this proceeding to establish paternity.  Respondent Holley Bishop moved for the stay and dismissal on the basis that New York state is the most convenient forum to consider child custody and visitation issues.  We conclude the trial court did not abuse its discretion in declining to exercise its jurisdiction as an inconvenient forum, and that Tazuk had no right to require the trial court to set forth its ruling in a statement of decision.  Thus, we affirm.

BACKGROUND

Tazuk and Bishop became romantically involved in 2005, and, through in vitro fertilization, had a son in 2007.  Except for a few months in 2009, Bishop and her son have lived in New York City.  Tazuk has lived in Napa County since 2009.  Prior to that he lived in San Francisco.

In October 2009, in Napa County, Tazuk filed a petition to establish his parental relationship with the couple's son and to determine child custody.  Shortly thereafter, Bishop initiated child custody proceedings in New York.  In February 2010, the Napa

1

Superior Court assumed jurisdiction over the issues of child custody and visitation, but reserved any determination of whether New York would be the more convenient forum for any later proceedings. This earlier dispute was resolved in a stipulation that awarded the parties joint legal custody of their son, with sole physical custody to Bishop subject to specified periods of visitation for Tazuk in 2011 and 2012. The parties were to reach a further agreement for visits in 2013 and thereafter. Bishop and their son continued to live in New York.

When it appeared to Bishop that the parties would be unable to reach agreement concerning child visitation in 2013 and beyond, she filed a motion to dismiss or stay the Napa proceeding in favor of proceedings in New York on the ground that Napa was no longer a convenient forum. Tazuk opposed the motion. Following an evidentiary hearing, the court declined Tazuk's request for a statement of decision, and determined that New York was the appropriate forum for consideration of custody and visitation issues. In a later minute order entitled "Statement of Decision," the court stayed the Napa case and directed that it be dismissed upon confirmation that the custody and visitation issues were pending in a New York court. Tazuk's objections to the "Statement of Decision" were overruled and his motion for a new trial was denied. His appeal is timely.

DISCUSSION

1. *California as an Inconvenient Forum*

The Uniform Child Custody Jurisdiction and Enforcement Act, provided in Family Code sections 3400 et seq.,[1] is the exclusive means in California to determine jurisdiction in child custody cases. (*Pieri v. Superior Court* (1991) 1 Cal.App.4th 114, 118.) Under the act, a California court may decline to exercise its jurisdiction in child custody matters when it determines that another state is a more appropriate forum. (§ 3427, subd. (a).) In making such a determination, the court is to consider all relevant factors, including how long the child has resided outside California, the location of witnesses and the evidence

---

[1]Unless otherwise designated, further statutory references are to the Family Code.

to be presented, the hardship to the parties in litigating in one state rather than the other, and the ability of each court to decide the issues expeditiously. (§ 3427, subd. (b)(2), (6), (4) & (7).) Where, as here, a court makes its determination following consideration of evidence bearing upon the factors identified in section 3427, we review the courts' ruling for an abuse of discretion. (*Pieri v. Superior Court, supra.*, at pp. 121–122.) Its determination will be upheld if based upon reasoned judgment that comports with the legal principles and policies that pertain to the issues presented for the court's consideration. (*Ibid.*)

There was no abuse of discretion in this case. After considering the evidence presented in connection with Bishop's motion, the trial court found: "The minor child in question, who is six years of age, has continuously resided in New York with his mother since birth, with the exception of nearly five months when the child was two years old. The child's schooling, physical and emotional support system is based almost exclusively in New York. The mother is required to travel to California with the child for any and all proceedings in Napa County, thereby requiring a very young child to endure tiresome and lengthy trips across the United States. The court deems this an undue hardship on Respondent and minor child." The factual considerations that motivated the court's ruling comport with those matters to be considered under section 3427. The court's determination to defer to proceedings in New York is reasoned and supported in the record.

2. *Statement of Decision.*

Most of Tazuk's arguments chide the court for its refusal to issue a statement of decision upon his request. Alternatively, he says that the court's minute order bearing the subtitle "Statement of Decision" is deficient because it does not meet the requirements governing statements of decision contained in Code of Civil Procedure section 632. Neither contention has merit.

At the request of a party, a statement of decision is required "upon the trial of a question of fact by the court." (Code Civ. Proc. § 632.) But the cases hold there is generally no obligation for a court to issue a statement of decision in connection with

consideration of a motion, even where resolution of the motion involves an extensive evidentiary hearing.  (*In re Marriage of Fong* (2011) 193 Cal.App.4th 278, 294.)  The exceptions to the general rule are for special proceedings where appellate review may be affected by the lack of a statement of decision, and where required by statute.  (See, *In re Marriage of Fong, supra.* 193 Cal.App.4th at pp. 296–297; *In re Marriage of Cauley* (2006) 138 Cal.App.4th 1100, 1109.)  No such exception applies here.  The court was not required to issue a statement of decision in ruling on the section 3427 motion seeking to have California declared an inconvenient forum for this dispute.  Because the court was under no obligation to provide one, its description of the minute order as a statement of decision, even if erroneous, was harmless.

DISPOSITION

The order is affirmed.  Bishop is awarded her costs on appeal.


_____

Siggins, J.


We concur:


_____

Pollak, Acting P.J.


_____

Jenkins, J.


4