[No. A046724. First Dist., Div. Five. July 11, 1990.]

In re the Marriage of SHERRY ARNOLD and TOM CULLY.
SHERRY ARNOLD, Appellant, v.
TOM CULLY, Respondent.

500

**COUNSEL**

William M. Hilton for Appellant.

Elizabeth Benford for Respondent.

## OPINION

**KING, J.**—Sherry Arnold, appellant, takes issue with the trial court's determination that her minor daughter, Jamie, has a sufficient connection with California so as to support a finding of jurisdiction under the Uniform Child Custody Jurisdiction Act. (Civ. Code, §§ 5150-5174.)[1] We conclude Jamie's connection with California was insufficient to support the trial court's assumption of jurisdiction over issues relating to her custody. Consequently, we reverse.

The pertinent facts are undisputed. Respondent, a Canadian citizen residing in California, filed for dissolution of marriage in California in July 1988. At the time the action was filed, the parties' two-year-old daughter, Jamie, was residing in Toronto, Canada, with her mother, appellant herein. Appellant made no formal appearance in the action to dissolve the marriage; rather, on August 11, 1988, appellant signed a consent to judgment. The judgment contained provisions regarding Jamie's custody and support. Appellant explained that she acquiesced to the California proceeding because a divorce could be obtained in California in a much shorter time than in Canada. Judgment of dissolution was entered on December 21, 1988.

Prior to the filing of the dissolution action, appellant and the minor child had very little contact with California. The parties are all Canadian citizens, although respondent has resided in California for some time. The parties were married in Canada; and their daughter Jamie was born in Canada on October 5, 1986. Jamie has resided in Canada all her life. She was physically present in California for approximately 18 days in 1987 when her parents made an attempt at reconciliation. After it became apparent that reconciliation was unlikely, appellant and Jamie returned to Canada where they resumed permanent residency.

Appellant remarried in late March 1989. Appellant and Jamie came to California in April 1989 to be with appellant's new husband, a member of the Canadian Armed Forces, while he was on short-term assignment at Mather Air Force Base in Sacramento, California. Appellant and Jamie planned to return to Canada early in June, and appellant's husband planned to return to Canada in September.

Approximately two weeks after appellant and Jamie arrived in California, respondent returned to the California forum to request modification of the court's judgment with regard to Jamie's custody, support and visitation. Appellant made a special appearance at the modification hearing to

---

[1] Unless otherwise indicated, all further statutory references are to the Civil Code.

challenge the court's assumption of subject matter jurisdiction to decide any issues with regard to Jamie's custody. Arguments were heard, the matter was submitted to the court, and the court ruled that California had subject matter jurisdiction over custody and visitation in this case. The court based its finding of jurisdiction on four factors: (1) Appellant had consented to California's jurisdiction in the dissolution proceeding and that judgment was now final. (2) There was no other custody or visitation action pending in Canada or any other state of the United States. (3) Although appellant and Jamie were Canadian residents, respondent had established residency in California. (4) The mother, father, and minor child were all currently present in California; and it was in Jamie's best interest to have the custody and visitation issues resolved. Appellant filed a timely notice of appeal from the court's exercise of jurisdiction over the issues relating to Jamie's custody.

■ On appeal, respondent has failed to file a reply brief. Therefore, we examine the record and reverse only if prejudicial error is found. (*In re Marriage of Bukaty* (1986) 180 Cal.App.3d 143, 147 [225 Cal.Rptr. 492]; *In re Marriage of Davies* (1983) 143 Cal.App.3d 851, 854 [192 Cal.Rptr. 212].)

■ The *exclusive* method of determining subject matter jurisdiction in custody cases in California is the Uniform Child Custody Jurisdiction Act (UCCJA). (§§ 5150-5174; *In re Marriage of Ben-Yehoshua* (1979) 91 Cal.App.3d 259, 264 [154 Cal.Rptr. 80].) The jurisdictional requirements of the UCCJA must be satisfied whenever a California court makes a custody determination by initial or modification decree. (§§ 5152, 5161.)[2] The provisions of the UCCJA apply in custody cases involving international as well as interstate conflicts. (See, e.g., *Plas* v. *Superior Court* (1984) 155 Cal.App.3d 1008 [202 Cal.Rptr. 490]; *In re Marriage of Ben-Yehoshua, supra*, 91 Cal.App.3d 259.) Since an adjudication under UCCJA requires subject matter jurisdiction, a reviewing court is not bound by the trial court's findings and may independently reweigh the jurisdictional facts. (*In re Marriage of Fox* (1986) 180 Cal.App.3d 862, 870 [225 Cal.Rptr. 823].)

■ The first question, then, is whether California, which assumed initial and modification jurisdiction over the custody issues in this case, had jurisdiction under the jurisdictional prerequisites of the UCCJA. First and foremost, a court may assume jurisdiction if it is the home state of the child. (§ 5152, subd. (1)(a).) Since Jamie has never lived in California, it is manifest that home state jurisdiction has never been established in this case.

---

[2] Under section 5161, a custody decree rendered in California is binding in this state only if the rendering court had jurisdiction under section 5152. Moreover, an initial custody decree or modified custody decree under the UCCJA is entitled to interstate recognition only if issued by a state "which had assumed jurisdiction under statutory provisions substantially in accordance with this title or which was made under factual circumstances meeting the jurisdictional standards of the title, . . ." (§ 5162.)

Alternatively, a court may assume jurisdiction provided the child and a contestant have a "significant connection" with the state and there is available in that state substantial evidence concerning the child's welfare. (§ 5152, subd. (1)(b).) With the exception of the fact that the noncustodial parent resides in California, all of the evidence concerning Jamie's present and future care and personal relationships exists in Canada. Jamie was born and raised in Canada, she has lived in Canada exclusively, and her only contact with California has been for short visits. Under these circumstances, there is no claim that custody jurisdiction exists based upon the child's significant connection with this state.

A state may also assume jurisdiction over a child who is abandoned in California or is in need of emergency protection. (§ 5152, subd. (1)(c).) Again, this is not the case here.

Lastly, in certain cases, a court may assume jurisdiction under the UCCJA when no other state has jurisdiction under any of the preceding tests or another state has declined to exercise jurisdiction on the ground that California is the more appropriate forum *and* it is in the child's best interests that a California court assume jurisdiction. (§ 5152, subd. (1)(d).) The trial court inferentially alluded to this section as a potential reason for exercising jurisdiction when it noted: "Neither any province of Canada nor any other state of the United States has exercised jurisdiction in this matter, . . ." However, it is clear by the very language of this section that its requirements are not met. As indicated previously, Canada would have home state jurisdiction *and* significant contact jurisdiction, and Canada has not declined exercise of its jurisdiction. Without either of these prerequisites, the court may not reach any equitable concerns about the "best interests of the child."

In summary, when each of the jurisdictional grounds for making child custody determinations set out in section 5152 are considered, it is obvious that California never had subject matter jurisdiction over the custody issues in this case. In light of this conclusion, we briefly mention several factors relied on by the trial court in asserting its continuing jurisdiction in this matter. The court relied heavily on the fact that appellant consented to California jurisdiction over the custody issue in the initial dissolution proceeding. However, in *In re Marriage of Ben-Yehoshua, supra,* 91 Cal.App.3d at page 263, it was recognized "that subject matter jurisdiction cannot be conferred upon a court by consent, waiver or estoppel." The court also relied heavily on the fact that all the parties were physically present in California. Undue emphasis was placed on this factor, considering the admonition contained in section 5152, subdivision (2): that ". . . physical presence in this state of the child, or of the child and one of the

contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination." Because there is nothing in the UCCJA establishing jurisdiction by consent or by mere presence of the parties, we hold these factors did not entitle the trial court to assert its jurisdiction over issues relating to custody. (Accord, *Plas* v. *Superior Court, supra*, 155 Cal.App.3d at pp. 1013-1014.)

The court's orders relating to custody are reversed.

Low, P. J., and Haning, J., concurred.