[No. A060125. First Dist., Div. Four. May 11, 1993.]

SHARON FRENCH WALLACE, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
PABLO MOISES JASIS, Real Party in Interest.

**COUNSEL**

Pamela E. Pierson and Bernard Wolf for Petitioner.

No appearance for Respondent.

Roger L. Meredith for Real Party in Interest.

**OPINION**

**ANDERSON, P. J.**—Petitioner Sharon French Wallace seeks a writ requiring respondent superior court to dismiss or stay a motion to modify child custody in deference to Kentucky where a child custody proceeding is pending. Although we disagree with the court's conclusion that Kentucky does not have jurisdiction under the Uniform Child Custody Jurisdiction Act

(UCCJA), we conclude that only California has jurisdiction under the Parental Kidnapping Prevention Act (PKPA). Since the PKPA takes precedence over state law when the laws conflict, we deny the relief requested.[1]

Petitioner (hereafter mother) is the mother of two young children. She and the father (real party herein) were married in Massachusetts and moved to California with the children in 1989. They continued living in California although the marriage was dissolved in Kentucky in February of 1992. In the summer of 1992, mother took the children to Kentucky for a month to visit with her family. On July 7, 1992, she moved to modify the Kentucky decree to grant her sole custody of the children. Over father's objection, Kentucky ruled that it had continuing jurisdiction to modify its decree. Father filed a motion to establish the Kentucky judgment in California and on September 9, 1992, filed a motion in California to modify the Kentucky decree to give him sole physical custody of the children if mother decided to remain in Kentucky. Mother opposed the motion on the ground that California should defer to the jurisdiction of Kentucky in which her motion to modify was pending.

Respondent court denied the motion to dismiss or stay pending the determination of the Kentucky motion on the ground that modification in Kentucky did not meet the jurisdictional requirements of the UCCJA.

Under the UCCJA, which has been enacted in both California (Civ. Code, §§ 5150-5174) and Kentucky (Ky. Rev. Stat. Ann. §§ 403.400 to 403.630 (Baldwin 1992)), more than one state may have jurisdiction to modify child custody.[2] The two bases of jurisdiction which are relevant to the instant case are described in section 5152 subdivision (a)(1) and (2) as follows: "(1) This state (A) is the home state of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his or her removal or retention by a person claiming his or her custody or for other reasons, and a parent or person acting as parent continues to live in this state. [¶] (2) It is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his or her parents, or the child and at least one contestant, have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships."

Both California and Kentucky have determined that they have jurisdiction—California under (1), the "home state" test, and Kentucky under (2),

---

[1]Petitioner also prays for a writ to require respondent court to communicate with Judge Martin E. Johnstone of the Jefferson Circuit Court, Kentucky. The relief requested is moot since communication has now occurred.

[2]All statutory references hereafter are to the Civil Code unless otherwise indicated.

the "significant connection" test. Citing the case of *In re Marriage of Arnold & Cully* (1990) 222 Cal.App.3d 499 [271 Cal.Rptr. 624], respondent court concluded that Kentucky did not have jurisdiction under the "significant connection" test.

We do not believe that *Arnold & Cully* requires the conclusion reached by respondent court. In that case, husband and wife were Canadian citizens who had married in Canada and lived there with their daughter, Jamie, who had been born in Canada. Since the opinion states that Jamie's only presence in California was approximately 18 days when her parents made an attempt at reconciliation, it appears that the husband moved to California when the couple separated. The husband filed for dissolution of marriage in California. The wife acquiesced to the California proceeding because a divorce could be obtained in California in a much shorter time than in Canada. The California decree contained provisions regarding the child's custody and support and, when the mother came to California with her new husband for a short-term assignment at a military base, the father sought modification in California.

Applying its independent judgment, the reviewing court held that these facts did not provide jurisdiction over child custody. The fact that the divorce had been in California was not sufficient for continuing jurisdiction because, at the time of the divorce, the child had no significant contacts with California and jurisdiction had been by consent alone. The court also reasoned that undue emphasis was placed on the fact that all parties were physically present in California when modification was sought, pointing out the admonition in section 5152 that physical presence in the state of the child and one of the parents is not alone sufficient to confer jurisdiction on a court to make a child custody determination. (See § 5152, subds. (b) and (c).)

In the instant case, the connection of the family with Kentucky at the time the divorce was obtained there was more significant than the connection with California in *Arnold & Cully*. Kentucky was the childhood home of the mother, and her large family had remained there. The family, including the children, had made regular visits to Kentucky. Financial connections with Kentucky were maintained throughout the marriage. At the time of the modification request by petitioner, these connections still existed. Although the court in *Arnold & Cully* warned against placing undue emphasis on the fact that all parties were present in California at the time modification was sought, physical presence in the state is not meaningless.[3] In the case at hand, the mother had moved to Kentucky, apparently with the intention of

---

[3]Section 5152, subdivision (c), provides: "Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his or her custody."

making her home there. There is no evidence that she took the children with her to Kentucky over the objection of their father or kept them there after July over his objection.

Finally and most importantly, in evaluating the jurisdiction of Kentucky under the UCCJA, California must apply the standard of section 5163 since Kentucky has not declined to assume jurisdiction. That test is whether Kentucky has acted "under jurisdictional prerequisites *substantially* in accordance" with the UCCJA. (Italics added.) California was not making an initial determination of modification jurisdiction, as was the court in *Arnold & Cully*, but was evaluating a jurisdictional decision already made in another state. It need only find substantial accordance with the "significant connection" basis for jurisdiction. Applying our independent judgment and the standard of section 5163, we are of the view that Kentucky, as well as California, had jurisdiction over child custody under the UCCJA. Since the Kentucky proceeding was filed first, applying only UCCJA standards, California would be required to refrain from exercising its jurisdiction. (§ 5155.)

The UCCJA was promulgated in order to deal with jurisdictional deadlocks resulting in child custody matters. It was adopted in California in 1973 and has now been adopted by every state and the District of Columbia. However, problems of jurisdictional deadlock remained, and in 1980 Congress passed the PKPA (28 U.S.C.A. § 1738A), which, like the UCCJA, establishes guidelines for the assertion of jurisdiction over child custody matters. In *In re Marriage of Pedowitz* (1986) 179 Cal.App.3d 992, 999 [225 Cal.Rptr. 18], the court concurred with the decisions of other state courts which had considered the matter and had held unanimously that the federal act preempts state law.

The major difference between the UCCJA and the PKPA with regard to jurisdictional requirements is that the PKPA provides express preference to the home state of the child. Thus, if a conflict arises as to which PKPA jurisdictional requirement is to be satisfied, the home state of the child takes precedence. (See Note, *Thompson v. Thompson: The Jurisdictional Dilemma of Child Custody Cases Under the Parental Kidnapping Prevention Act* (1989) 16 Pepperdine L.Rev. 409, 417; 83 A.L.R.4th 742, 748.) The "significant connection" test is only used if it appears no other state would have jurisdiction under the "home state" test.

The federal act in 28 United States Code section 1738A provides in pertinent part: "(a) The appropriate authorities of every State shall enforce according to its terms, and shall not modify except as provided in subsection (f) of this section, any child custody determination made consistently with

the provisions of this section by a court of another State. . . . (c) A child custody determination made by a court of a State is consistent with the provisions of this section only if—[¶] (1) such court has jurisdiction under the law of such State; *and* [¶] (2) one of the following conditions is met: [¶] (A) such State (i) is the home State of the child on the date of the commencement of the proceeding, or (ii) had been the child's home State within six months before the date of the commencement of the proceeding and the child is absent from such State because of his removal or retention by a contestant or for other reasons, and a contestant continues to live in such State; [¶] (B)(i) *it appears that no other State would have jurisdiction under subparagraph (A),* and (ii) it is in the best interest of the child that a court of such State assume jurisdiction because (I) the child and his parents, or the child and at least one contestant, have a *significant connection* with such State other than mere physical presence in such State; . . . [¶] (E) the court has continuing jurisdiction pursuant to subsection (d) of this section. [¶] (d) The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant." (Italics added.)

Since Kentucky is not the "home state" of the children, it does not have jurisdiction under the PKPA to modify the child custody order and, if it does issue a modification order, California is not required to grant full faith and credit to its order.

Mother not being entitled to the relief requested, the petition is denied.

Poché, J., and Perley, J., concurred.

A petition for a rehearing was denied June 10, 1993, and petitioner's application for review by the Supreme Court was denied September 2, 1993.