Filed 6/1/26  Marriage of Gouda and Little CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| In re Marriage of SAMAH MOHAMED RAMADAN GOUDA and BRIAN JAMES LITTLE. | |
| SAMAH MOHAMED RAMADAN GOUDA,<br><br>　　　Appellant,<br><br>　　　　v.<br><br>BRIAN JAMES LITTLE,<br><br>　　　Respondent. | G065715<br><br>(Super. Ct. No. 22D000585)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Elia A. Naqvi, Judge. Reversed and remanded with directions.

Samah Mohamed Ramadan Gouda, in pro. per., for Appellant.

No appearance for Respondent.

* * *

Appellant Samah Mohamed Ramadan Gouda appeals the trial court's denial of her request for order (RFO) to modify an out-of-state custody order issued in Egypt, seeking removal of conditions which allegedly violate the Uniform Child Custody Jurisdiction and Enforcement Act (Fam. Code,[1] § 3400 et seq.; UCCJEA). The trial court concluded there was insufficient evidence to terminate Egypt's jurisdiction or to transfer jurisdiction to California and therefore declined to amend the custody order. On the record before us, we conclude there is a factual dispute regarding: (1) whether the Egyptian custody order is enforceable; and (2) if it is not, whether California has jurisdiction. We therefore reverse the order denying the RFO and remand to the court to make this factual determination.[2] If the court concludes California has jurisdiction, it has discretion to amend the Egyptian custody order to remove the conditions Gouda challenges, or alternatively, to craft a new custody order.

## FACTS

Gouda and Brian James Little, an American citizen, were married in the United Arab Emirates in 2015. Their son, J.L., was born in

---

[1] All further statutory references are to the Family Code unless otherwise noted.

[2] On October 16, 2025, Gouda filed a motion to construe her notice of appeal as limited to the issue of custody. We deny Gouda's motion as unnecessary because our review is limited to the issue or issues raised in the appeal.

June 2017 in Saudi Arabia. J.L. obtained United States citizenship in Saudi Arabia through Little.

Gouda alleges Little locked her and J.L. out of their home in Saudi Arabia when J.L. was nine months old. Little later cancelled Gouda's and J.L.'s Saudi Arabian residency visas.

In March 2018, Gouda moved with J.L. to Egypt, where she resided with her family. While in Egypt, Gouda initiated divorce and custody proceedings. Throughout these proceedings, Little resided in Saudi Arabia.

On June 26, 2018, the Egyptian court granted Gouda sole custody of J.L. with the following conditions: "The guardian woman must be adult, sane, free, and non-apostate"; "She must be free from the diseases or defects that would make her unfit for custody"; "She must be such an honest guardian that the child doesn't get lost at her custody"; "She mustn't be married to person that is a foreigner to the child"; and "She mustn't stay, with the child, at an apartment owned by a person whom the child hates."

In July 2018, Gouda relocated with J.L. to California and later naturalized as a United States citizen. On January 27, 2022, Gouda registered the Egyptian custody order and filed a UCCJEA declaration in the Orange County Superior Court.

In November 2024, Gouda filed a RFO to modify the Egyptian custody order. Gouda later filed a memorandum of points and authorities and declaration in support of the RFO.

In April 2025, both parties filed briefs in response to the trial court's request for briefing regarding whether it had subject matter jurisdiction under the UCCJEA. On May 9, 2025, the court held an evidentiary hearing. The court concluded, "California does not have jurisdiction over the custody issues concerning the minor child unless and

3

until Egypt relinquishes jurisdiction. If necessary, the [c]ourt will conduct a UCCJEA hearing with the appropriate authority in Egypt to address jurisdictional issues." Gouda apparently filed the instant appeal before the court could contact the Egyptian court.

DISCUSSION

I.

UCCJEA LEGAL PRINCIPLES AND STANDARD OF REVIEW

The UCCJEA governs the recognition and enforcement of foreign custody orders. (§ 3400 et seq.) California courts "shall recognize and enforce" an out-of-state or foreign custody order "under factual circumstances meeting" UCCJEA jurisdictional standards unless the order has been vacated, stayed, or modified by a court with UCCJEA jurisdiction. (§§ 3405, subd. (a), 3443, subd. (a), 3446, subd. (b), 3453; see also *V.L. v. E.L.* (2016) 577 U.S. 404, 407 ["'final judgment in one State, if rendered by a court with adjudicatory authority . . . qualifies for recognition throughout the land'"].) However, California is not required to give full faith and credit to a child custody determination made by a court that lacks jurisdiction under the UCCJEA. (*Haywood v. Superior Court* (2000) 77 Cal.App.4th 949, 956–957 [under former Uniform Child Custody Jurisdiction Act (UCCJA)[3]].)

Unless its custody law "violates fundamental principles of human rights," a foreign country is treated like a sister state for UCCJEA enforcement purposes, and its child custody determinations made "under factual circumstances in substantial conformity with" UCCJEA jurisdictional

---

[3] The UCCJEA became effective January 1, 2000, replacing the former UCCJA. (Stats. 1999, ch. 867, § 3.)

standards "must be recognized and enforced." (§ 3405; *In re Marriage of Paillier* (2006) 144 Cal.App.4th 461, 470 [French custody order].)

An out-of-state custody order is not entitled to full faith and credit and does not establish the exclusive jurisdictional situs for subsequent modification proceedings, if the forum court was not exercising jurisdiction in "substantial conformity" with the UCCJEA or its determination was not made under factual circumstances meeting UCCJEA jurisdictional standards. (§§ 3443, 3453; *In re Marriage of Nurie* (2009) 176 Cal.App.4th 478, 506 (*Nurie*) [Pakistani visitation order not enforceable because jurisdiction was not exercised in substantial conformity with UCCJEA principles].)

"'The UCCJEA takes a strict "first in time" approach to jurisdiction.'" (*W.M. v. V.A.* (2018) 30 Cal.App.5th 64, 72.) "In general, once the court of an 'appropriate state'—one having jurisdiction under section 3421, subdivision (a)—has made a child custody determination, 'that court obtains "exclusive, continuing jurisdiction . . . ."'" (*Ibid.*) Generally, the state that made the initial child custody determination will have exclusive, continuing jurisdiction to modify the order. (§§ 3422, 3423.) There cannot be concurrent UCCJEA modification jurisdiction. Thus, when a California court is asked to make a custody determination but discovers that a child custody proceeding has already been commenced in another state having jurisdiction "substantially in accordance with" the UCCJEA, the California court must stay its proceeding and consult with the other state court. (§ 3426, subd. (b).)

As a matter of full faith and credit, a California court must recognize and enforce an out-of-state order but may not modify it unless the court has jurisdiction to modify. (§ 3446, subd. (b).) Deference to the rendering state's continuing jurisdiction to modify is required even if custody

proceedings are not presently pending in the out-of-state court. (*McArthur v. Superior Court* (1991) 235 Cal.App.3d 1287, 1292–1293.)

"'We are not bound by the [trial] court's findings regarding subject matter jurisdiction, but rather "independently reweigh the jurisdictional facts." [Citation.] "[S]ubject matter jurisdiction either exists or does not exist at the time the action is commenced" [citation] and cannot be conferred by stipulation, consent, waiver, or estoppel [citations].'" (*Ocegueda v. Perreira* (2015) 232 Cal.App.4th 1079, 1084 (*Ocegueda*) [applying de novo review to jurisdictional issue under UCCJEA].)

II.

ENFORCEABILITY OF EGYPTIAN CUSTODY ORDER

The trial court must first make a factual determination whether the Egyptian custody order is enforceable. As noted, an out-of-state custody order is entitled to deference unless the forum court was not exercising jurisdiction in "substantial conformity" with the UCCJEA or its determination was not made under factual circumstances meeting UCCJEA jurisdictional standards. (§§ 3405, subd. (b); 3443, 3453; *Nurie, supra*, 176 Cal.App.4th at p. 506.) Additionally, a California court need not defer to an out-of-state custody order if the child custody law of a foreign country "violates fundamental principles of human rights." (§ 3405, subd. (c).)

Thus, the trial court must determine whether the Egyptian custody order was not made "under factual circumstances in substantial conformity with the jurisdictional standards" of the UCCJEA or if Egypt's child custody law "violates fundamental principles of human rights." (§ 3405, subd. (b), (c).) Gouda argued in the family law proceedings that the conditions imposed by the Egyptian court violated fundamental principles of human rights. However, during the hearing, the court inaccurately conflated the

6

issue of whether the Egyptian custody order violated Gouda's state or federal constitutional rights with whether it violated "fundamental principles of human rights" under the UCCJEA.[4] On remand, the trial court should explicitly address whether the Egyptian custody order complies with California's "fundamental principles of human rights."

We note that we have been unable to locate any California case addressing whether a foreign child custody law violates fundamental principles of human rights. Furthermore, the term "'fundamental principles of human rights'" was "left undefined" in the UCCJEA. (*Toland v. Futagi* (2012) 425 Md. 365 [40 A.3d 1051, 1058, 1062]).[5] However, "the drafters alluded to a similar provision in the Hague Convention on the Civil Aspects of Child Abduction, which permits a country to refuse to return a child if the return would violate 'the fundamental principles of the requested State relating to the protection of human rights and fundamental freedoms,' which has been interpreted by the United States Department of State as 'utterly shock[ing] the conscience or offend[ing] all notions of due process.'" (*Toland, supra,* 40 A.3d at p. 1058 [citing Hague Internat. Child Abduction

---

[4] For example, the trial court stated: "[T]hat's not what the law says . . . . It doesn't say it has to be an American-like order. It says that it has to violate fundamental Constitutional rights." The court later asked Gouda's counsel, "What is the fundamental constitutional right? . . . [I]s there, in the Constitution, the right to get married?" After hearing counsel's argument, the court stated, "I do not think those violate fundamental Constitutional rights."

[5] "Although the decisions of our sister states and the lower federal courts may be instructive to the extent we find their analysis persuasive, they are neither binding nor controlling on matters of state law." (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 175.)

Convention, text and legal analysis, 51 Fed.Reg. 10494, 10510 (Mar. 26, 1986)].)

If the trial court determines the Egyptian custody order is enforceable, the court must stay proceedings and communicate with the Egyptian court to resolve any jurisdictional conflict. (§ 3426, subd. (b); *In re Marriage of Kent* (2019) 35 Cal.App.5th 487, 494–495.)

III.

JURISDICTION

However, if the trial court concludes the Egyptian custody order is not enforceable, it must then determine whether California has jurisdiction in this child custody matter. We note that UCCJEA jurisdictional requirements must be satisfied whenever a California court is called upon to make an initial or modified custody determination where another state or, as here, a foreign country has an interest in the custody matter. (§§ 3421–3424; *In re Marriage of Arnold & Cully* (1990) 222 Cal.App.3d 499, 502.) "'It is well settled in California that the UCCJEA is the exclusive method of determining subject matter jurisdiction in custody disputes involving other jurisdictions.'" (*Ocegueda, supra,* 232 Cal.App.4th at p. 1084.)

The UCCJEA sets forth the jurisdictional tests for an initial custody determination, and a California court is empowered to hear and determine the matter only if one of those tests is satisfied at the time the litigation is commenced. (§ 3421, subd. (a); *Ocegueda, supra,* 232 Cal.App.4th at p. 1084 [subject matter jurisdiction under UCCJEA ""either exists or does not exist at the time the action is commenced""].) As applicable here, California may exercise custody jurisdiction if it was J.L.'s "home state" when the proceeding was commenced, that is, the date the first pleading was filed. (§ 3421, subd. (a)(1)); 3402, subd. (e).) "'Home state' means the state in which

8

a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." (§ 3402, subd. (g).)

Before the trial court determines whether California has jurisdiction, it must afford the parties a full and fair evidentiary hearing, with adequate notice for the parties to present their claims regarding the exercise of jurisdiction. (*Cole v. Superior Court* (1985) 173 Cal.App.3d 265, 271–272; see also *In re Aiden L.* (2017) 16 Cal.App.5th 508, 520–523 [court erred by failing to hold evidentiary hearing regarding UCCJEA jurisdiction before making custody orders].)

If the trial court concludes it has jurisdiction after an evidentiary hearing, it then has discretion to amend the Egyptian custody order or craft a new custody order.

DISPOSITION

The order is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion. Appellant is entitled to her costs on appeal.

SCHWARM, J.*

WE CONCUR:

DELANEY, ACTING P. J.

SCOTT, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.